## THE THOMAS McMANUS.[1]

### (*District Court, E. D. New York.* November 29, 1884.)

1. CARRIERS OF GOODS BY WATER—LIABILITY BEYOND ROUTE—LIEN.

> Persons in charge of a steam-boat in New York bound for Hudson, N. Y., gave a receipt for cotton shipped on board, which was marked, "Canoe Cotton Mills, Valatie, N. Y.," with knowledge that it was intended to go from Hudson by rail to K., and that there full freight from N. Y. to K. was to be paid, which was to be divided between the steam-boat and the railroad in accordance with an understanding between them. *Held*, that the duty of the steam-boat as carrier was discharged by delivering the goods to the railroad at Hudson.

2. SAME—EVIDENCE OF SPECIAL CONTRACT.

> There must be clear and satisfactory evidence of a special contract to extend the liability of a steam-boat to the transportation and delivery of goods by a railroad beyond the place of the boat's destination, in order to charge the boat with a lien for damages caused by the wrong delivery by the railroad.

In Admiralty.

*Goodrich, Deady & Platt*, for libelant.

*Tenbroeck & Vanorden*, for claimant.

BENEDICT, J. The receipt given by those in charge of the steam-boat at the time of the shipment of the cotton does not amount to a bill of lading. It states no contract for the transportation of the cotton. It mentions no place on the route of the steam-boat, or on the line of the railroad connecting at Hudson, for delivery of the cotton, and contains no language from which to infer a contract on the part of the owners of the steam-boat to transport the cotton beyond Hudson, the place of the steam-boat's destination. Nor can such a contract be inferred from the fact that the steam-boat made a connection at Hudson with a railroad running thence through Kinderhook, and received this cotton, marked, "Canoe Cotton Mills, Valatie, N. Y.," with knowledge that it was intended to go by the railroad from Hudson to Kinderhook, and that upon its delivery there freight was to be paid for the whole transportation from New York to Kinderhook, which freight would be divided between the railroad and the steam-boat, in accordance with an understanding between them.

A special contract to extend the liability of the steam-boat to the transportation and delivery of the cotton by a railroad, and at a place

---

[1] Reported by R. D. & Wyllys Benedict, of the New York bar.

beyond the place of the boat's destination, cannot be inferred from the facts proved in this case. Clear and satisfactory evidence of such a contract is required by the law, (*Myrick* v. *Michigan Cent. R. Co.* 107 U. S. 102; S. C. 1 Sup. Ct. Rep. 425;) and certainly without such an agreement no lien upon the steam-boat was created by the act of the railroad in delivering the cotton to the Canoe Cotton Mills at Kinderhook without the shipper's order, when a receipt containing the words, "To order; notify Canoe Cotton Mills, Valatie, N. Y," as well as the words, "Account of Tolar, Hart & Co.," had been given at the time of the shipment of the goods.

The libel is accordingly dismissed, without considering the other points made in behalf of the claimant, upon the ground that when the steam-boat delivered the cotton to the railroad at Hudson the duty attaching to the steam-boat as carrier was discharged.

---

## The Snap.

### (*District Court, D. New Jersey.* August 13, 1884.)

**ADMIRALTY PRACTICE—STIPULATION FOR COSTS—OATH OF SURETY.**
Until satisfactory proof is put in that the officer, in accepting a bond, was deceived or did not properly perform his duty, the court will assume that the security is sufficient, and when the surety has made oath that he is worth a sufficient sum over and above all his just debts and liabilities the stipulation is *prima facie* good.

In Admiralty.

*Hyland & Zabriskie*, for libelants.

*Wallis & Edwards*, for claimants.